NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**REGENTS OF THE UNIVERSITY OF CALIFORNIA,**
*Appellant*

**v.**

**INTERNATIONAL TRADE COMMISSION,**
*Appellee*

**GENERAL ELECTRIC COMPANY, SAVANT TECHNOLOGIES LLC, HOME DEPOT PRODUCT AUTHORITY, LLC, HOME DEPOT U.S.A., INC., HOME DEPOT, INC., IKEA SUPPLY AG, IKEA U.S. RETAIL LLC, IKEA OF SWEDEN AB, SATCO PRODUCTS, INC., GLOBAL VALUE LIGHTING, LLC, SIGNIFY NORTH AMERICA CORPORATION, FEIT ELECTRIC COMPANY, INC.,**
*Intervenors*

---

2022-1521

---

Appeal from the United States International Trade Commission in Investigation No. 337-TA-1220.

---

Decided: May 16, 2023

---

SHAWN G. HANSEN, Nixon Peabody LLP, Los Angeles, CA, argued for appellant. Also represented by VINCENT CACHO CAPATI, SETH D. LEVY; ANGELO CHRISTOPHER, Chicago, IL; EVAN LANGDON, Fabricant LLP, Washington, DC.

ELAINE BLAIS, Goodwin Procter LLP, Boston, MA, for intervenors General Electric Company, Savant Technologies LLC. Also represented by DOUGLAS J. KLINE, KEVIN P. MARTIN, LANA S. SHIFERMAN; PATRICK MCCARTHY, Washington, DC.

RYAN K. WALSH, Jones Day, Atlanta, GA, for intervenors Home Depot Product Authority, LLC, Home Depot U.S.A., Inc., Home Depot, Inc. Also represented by PARTH MATALIA; RITA J. YOON, San Francisco, CA.

MICHAEL J. BONELLA, Flaster Greenberg, PC, Philadelphia, PA, for intervenors IKEA Supply AG, IKEA U.S. Retail LLC, IKEA of Sweden AB. Also represented by CORALEINE KITT, JOSEPH KLINICKI, AAKASH PATEL.

NICHOLAS A. BROWN, Greenberg Traurig, LLP, San Francisco, CA, argued for all intervenors. Intervenor Satco Products, Inc. Also represented by SCOTT JOSEPH BORNSTEIN, BRIAN JOSEPH PREW, New York, NY; CYRUS FRELINGHUYSEN, Washington, DC; ROBERT P. LYNN, JR., Lynn Gartner Dunne & Frigenti, LLP, Mineola, NY.

JAY EMERICK, Kirkland & Ellis LLP, Chicago, IL, for intervenor Global Value Lighting, LLC. Also represented by ERIC DAVID HAYES; ABIGAIL LAUER LITOW, Washington, DC.

ADAM SWAIN, Alston & Bird LLP, Washington, DC, for intervenor Signify North America Corporation. Also represented by ROSS BARTON, KARLEE N. WROBLEWSKI, Charlotte, NC.

JAY REIZISS, McDermott Will & Emery LLP, Washington, DC, for intervenor Feit Electric Company, Inc. Also represented by ALEXANDER OTT; SIMEON PAPACOSTAS, KALPESH SHAH, Benesch Friedlander Coplan & Aronoff, Chicago, IL.

HOUDA MORAD, Office of General Counsel, United States International Trade Commission, Washington, DC, argued for appellee. Also represented by WAYNE W. HERRINGTON, SIDNEY A. ROSENZWEIG.

---

Before MOORE, *Chief Judge*, TARANTO and CHEN, *Circuit Judges*.

CHEN, *Circuit Judge*.

Regents of the University of California (Regents) appeals a decision by the International Trade Commission (Commission) determining that Feit Electric Company, Home Depot Product Authority, Home Depot U.S.A., Inc. The Home Depot, Inc., IKEA Supply AG, Ikea of Sweden AB, General Electric Company, Savant Technologies LLC, Savant Systems, Inc., and Satco Products, Inc. (collectively, Respondents) did not violate 19 U.S.C. § 1337 by importing or selling certain filament light-emitting diodes (LEDs) and products containing the same (Accused Products). *In the Matter of Certain Filament Light-Emitting Diodes and Prods. Containing Same (II)*, Inv. No. 337-TA-1220, 2022 WL 766226 (Mar. 8, 2022) (*Comm'n Opinion*). The Commission determined that Respondents' Accused Products did not infringe claim 1 of both U.S. Patent Nos. 10,593,854 ('854 patent) and 10,658,557 ('557 patent), and that claim 1 of both patents are invalid under 35 U.S.C. §§ 102 and 103. *Id.* at *5–6, *29–33, *35–44; *see also In the Matter of Certain Filament Light-Emitting Diodes and Prods. Containing Same (II)*, Final Initial Determination, Inv. No. 337-TA-1220, 2021 WL 6102808, at *74–98 (Nov. 19, 2021) (*Initial Determination*). Regents appeals the Commission's

determinations on claim construction, infringement, and invalidity. We have jurisdiction under 28 U.S.C. § 1295(a)(6). Because we agree with the Commission's construction of "molding" and determine that its findings of noninfringement based on the "molding" limitation are supported by substantial evidence, we *affirm* the Commission's determination without reaching the alternative grounds for its decision.

"We review the Commission's final determinations under the standards of the Administrative Procedure Act." *Guangdong Alison Hi-Tech Co. v. Int'l Trade Comm'n*, 936 F.3d 1353, 1358 (Fed. Cir. 2019). We review the Commission's factual findings for substantial evidence and its legal determinations de novo. *Id.*

We agree with the Commission's claim construction of "molding" as "a component formed by or as if by a mold." J.A. 669. Regents argues that a "molding" does not necessarily require a structure with uniform shape and that it should be construed to mean a "formed component." Appellant's Br. 40–41. However, based upon the intrinsic evidence and the nature of this invention, we disagree. Nothing in the claims support Regents's construction of the term "molding." The specification likewise teaches a "molding" with more specific physical characteristics than simply a "formed component," because the "molding" must be designed in a particular manner to effectively extract light from the LED.[1] *See, e.g.*, '557 patent at claim 1, col.

[1] Regents also argues in its reply brief that the Commission's claim construction improperly excludes certain embodiments of "moldings," such as Figure 13 of the '854 and '557 Patents. Appellant's Reply Br. 6–7. Regents failed to raise this argument to the Administrative Law Judge or in its opening brief on appeal. *See In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020); *SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312,

13 l. 65 – col. 14 l. 14, col. 15 l. 59 – col. 16 l. 12; '854 patent at claim 1, col. 14 ll. 10–26, col. 16 ll. 49–67. Moreover, Regents's proposed construction of "formed component" provides no clarity as to any physical characteristics required by the "molding," as we see no distinction between a formed and unformed component. Thus, we agree with the Commission's construction of "molding."

Turning to infringement, substantial evidence supports the Commission's finding that the Respondents' Accused Products lack a "molding." Expert testimony showed that the accused moldings are filament coatings that have surface irregularities, which are unlike coatings formed by a mold or as if by a mold. *Initial Determination*, 2021 WL 6102808, at *79; J.A. 3483 (Tr. at 1011:5–1022:23); J.A. 3544 (Tr. 1150:2–1151:5); J.A. 135292; J.A. 141137; J.A. 141189. Regents argues that the Commission erred by failing to focus solely on the portions of the filament immediately "surrounding the LED." Appellant's Br. 42–46. This argument is untimely, however, as it was not raised to the Administrative Law Judge (ALJ) and only argued in the petition for Commission review. *See* Order No. 2: Notice of Ground Rules, at 28, ITC Investigation No. 337-TA-1220 (Oct. 5, 2020) ("[a]ny contentions for which a party has the burden of proof that are not set forth in detail in the post-hearing initial brief shall be deemed abandoned or withdrawn"); Oral Arg. at 5:01–5:41. Regents cannot now

---

1319 (Fed. Cir. 2006). Putting aside the untimeliness of this argument, we disagree with Regents's reading of the specification; the disclosed "molding" is first molded or shaped to have a particularized consistent appearance, and then subsequently "roughened, textured, patterned or shaped to increase the light extraction." '854 patent col. 16 ll. 49–67; '557 patent col. 16 ll. 36–54.

claim surprise by the ALJ final initial determination's analysis of the entire filament in the accused products because (1) the expert testimony from both sides at the hearing specifically focused on irregularities at the end of the filament, and (2) Regents itself argued in its post-hearing brief that the entire length of the filament was consistent as if formed by a mold. J.A. 3484 (Tr. 1150:2–1151:5); J.A. 3364–65 (Tr. 639:22–640:11); J.A. 11963 (Regents Post-Hr'g Br.). In sum, we reject Regents's arguments attacking the Commission's fact findings.

Because we affirm the Commission's claim construction and non-infringement determination as to the "molding" limitation, we need not address Regents's other arguments. *See Solomon Techs., Inc. v. Int'l Trade Comm'n*, 524 F.3d 1310, 1320 (Fed. Cir. 2008) ("[W]e are not required to address every possible ground on which the Commission's order might be sustained.").

**AFFIRMED**